

**FILED**

DEC 1 3 2007

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.                                                              **Criminal Case No. 2:07cr185**

**THEO S. WILLIAMS,**

        **Defendant.**

## MEMORANDUM OPINION

On November 23, 2007, the defendant filed a motion to dismiss the indictment. The defendant was indicted on October 11, 2007, on one count, for violation of 18 U.S.C. 922(g)(9), possession of a firearm by a prohibited person. On November 23, 2007, the court conducted a hearing on the defendant's motion to dismiss the indictment. The court continued the hearing until December 5, 2007 to permit additional briefing to determine what evidence the court may consider on the defendant's underlying state court conviction. At the hearing on December 5, 2007, the court GRANTED the defendant's motion to dismiss the indictment and DISMISSED the indictment. The above motion was granted for the reasons stated on the record and for the reasons set forth below.

### I. Factual and Procedural Background

On October 11, 2007, the defendant, Theo S. Williams, was indicted in a one-count indictment for violation of 18 U.S.C. § 921(g)(9), possessing a firearm after previously being convicted of a misdemeanor crime of domestic violence ("MCDV"). Although not specified in the federal indictment, Williams's February 28, 2005 conviction in the City of Portsmouth served as the underlying MCDV.

On February 28, 2005, Williams appeared in Portsmouth Juvenile and Domestic

Relations District Court on four charges pending against him, including the charge at issue in this matter, a misdemeanor assault and battery against a family or household member. The warrant stated that Williams violated Virginia Code § 18.2-57.2 and he did "assault and batter Nakesha Redwine, who is a family or household member. The victim and accused have cohabited within the previous twelve months." Judge Willis, the Portsmouth Juvenile and Domestic Relations District Court Judge, determined that jurisdiction was not proper and transferred the case to the General District Court for the City of Portsmouth.[1] Upon transferring the case, Judge Willis amended the warrant and deleted the language, "[t]he victim and accused have cohabited within the previous twelve months," but left in the warrant the Virginia Code section and the language, "who is a family or household member." The cohabitation language in Williams's other warrants was also deleted by Judge Willis before transferring those cases to General District Court. Pursuant to Virginia Code § 16.1-69.35, the Chief General District Court Judge designated Judge Willis to continue to preside over Williams's case as a General District Court Judge. Judge Willis found Williams guilty on the amended warrant.[2]

---

[1]Under Virginia law, the Juvenile and Domestic Relations Court has exclusive jurisdiction to try all misdemeanor offenses in which one family member is charged with an offense against another family or household member. VA. CODE § 16.1-241. The General District Court has exclusive jurisdiction to try all other misdemeanors. VA. CODE § 16.1-123.1.

[2]The state court subsequently amended Williams's conviction order, holding that Williams was convicted of simple assault under Virginia Code § 18.2-57. The amended order further stated:
> The Defendant was charged with domestic assault under section 18.2-57.2 of the Code of Virginia, 1950, as amended. The evidence revealed that the Defendant was neither married to nor had cohabitated with the complaining witness, Nakesha Redwine, within the previous twelve months. There being no other basis for Juvenile and Domestic Relations District Court Jurisdiction [sic], the warrant was amended to delete the words: "The victim and the accused have cohabited within the previous twelve months"; and the case was transferred to General District

2

On October 11, 2007, a federal grand jury indicted Williams on one count of violating 18 U.S.C. § 922(g)(9), possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence.

## II. Analysis

Williams filed a motion to dismiss the indictment on November 23, 2007, arguing that the indictment should be dismissed for one of two reasons. First, Williams argued that Judge Willis, sitting by designation as a general district court judge, lacked the jurisdiction to convict Williams of violating Virginia Code § 18.2-57.2 and therefore, that conviction is void. Second, Williams argued that Judge Willis, sitting by designation as a general district court judge, actually convicted Williams of simple assault in violation of Virginia Code § 18.2-57 and simple assault does not qualify as an MCDV. This court acknowledges that the order amending the warrant by Judge Willis clarifies Williams's state court conviction as one of simple assault. Even without Judge Willis's order, however, this court would have dismissed the indictment and it is necessary to explain why Williams's Portsmouth conviction under either Virginia Code § 18.2-57 or Virginia Code § 18.2-57.2 would have failed to qualify as an MCDV.

---

> Court. The Defendant was found guilty of assault in violation of section 18.2-57 of the Code of Virginia, 1950, as amended. The code section "18.2-57.2" and the words, "who is a family and household member" were, however, left unchanged by mistake.

(Def. Ex. 1). It is unclear when this amended order was entered because the court entered it nunc pro tunc for February 28, 2005. This court became aware of this order on the morning of December 5, 2007, the date of the second hearing, when the defendant proffered it to the court.

3

A.  The Validity of the Underlying Conviction

Pursuant to United States v. Blevins, 802 F.2d 768 (4th Cir 1986), this court does not question the validity of the underlying state court conviction. Id. at 770 (holding that "in a prosecution under the federal gun statutes, the validity of the underlying conviction is simply not a question to be determined"). This court needs only to determine "whether, in fact, the defendant had been convicted, and, if he has, if that conviction has been rendered a nullity by action of proper authority." Id. at 771. Without any indication that Williams's Portsmouth conviction has been rendered a nullity, the court presumes the underlying state court conviction is valid and its only determination is whether it is a conviction that qualifies as an MCDV as defined in 18 U.S.C. § 921(a)(33)(A).

B.  Misdemeanor Crime of Domestic Violence

Congress defined a misdemeanor crime of domestic violence to mean an offense that:

> (i) is a misdemeanor under Federal, State, or Tribal law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A). The determination of whether a predicate offense qualifies as an MCDV is a question of statutory interpretation, and therefore, a question of law for the court to decide. See United States v. Hayes, 482 F.3d 749, 751 (4th Cir. 2007); United States v. Artis, 132 Fed.Appx. 483, 484 (4th Cir. 2005) (unpublished); United States v. Rice, 2007 U.S. Dist. LEXIS 3550 (D.S.C. Jan. 16, 2007). The Fourth Circuit, in Hayes, interpreted the definition of

4

MCDV to mean the underlying state offense must contain both an element of force and an element of one of the specified domestic relationships. Hayes, 482 F.3d at 752. The Fourth Circuit distinguished itself from the other circuits that hold the underlying state offense only needs to contain an element of force and does not need to have a domestic relationship element. Id. at 759 n.12; id. at 760 (Williams, J., dissenting). Therefore, this court must examine the underlying offense to determine whether it includes the requisite elements of physical force and the specific domestic relationship.

In determining whether the state conviction qualifies as an MCDV, this court is limited to the statutory language of the underlying offense and the official state court record. In Shepard v. United States, 544 U.S. 13 (2005), the Supreme Court held that a sentencing court, in determining whether the predicate offense satisfies the Armed Career Criminal Act, "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 16; see also Taylor v. United States, 495 U.S. 575, 600-01 (1990) (holding that in determining whether an underlying state burglary conviction qualifies as a predicate offense under the Armed Career Criminal Act, the court many only look to the statutory definitions of the prior offenses and not to the particular facts underlying those convictions). In Taylor, the Supreme Court noted the practical difficulties and unfairness with allowing the government to prove the facts of the underlying state conviction in federal court:

> In some cases, the indictment or other charging papers might reveal the theory or theories of the case presented to the jury. In other cases, however, only the Government's actual proof at trial would indicate whether the defendant's conduct constituted generic burglary. Would the Government be permitted to introduce

5

> the trial transcript before the sentencing court, or if no transcript is available, present the testimony of witnesses? Could the defense present witnesses of its own and argue that the jury might have returned a guilty verdict on some theory that did not require a finding that the defendant committed generic burglary? If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed a generic burglary, could the defendant challenge that conclusion as abridging his right to a jury trial? Also, in cases where the defendant pleaded guilty, there often is no record of the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant has pleaded guilty to burglary.

Id. at 601-02. Other courts have applied the rule in Shepard and Taylor to 18 U.S.C. § 922(g)(9) cases and held that, in determining whether a state conviction qualifies as an MCDV, the district court is limited to only the statutory language and the official court record, including the charging document, plea transcript, judgment and other similar documents. See United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999) ("When statutory language dictates that predicate offenses contain certain enumerated elements, we must look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present."); United States v. Rice, 2007 U.S. Dist. LEXIS 3550, *9 (D.S.C. 2007); United States v. Trimble, 415 F.Supp.2d 1015, 1017 (D. Neb. 2006).

This court first examines the state statutes. A conviction for assault in Virginia would fail to qualify as an MCDV because it lacks the domestic relationship element as required by Hayes. See Va. Code § 18.2-57. A conviction under Virginia Code § 18.2-57.2, for misdemeanor assault and battery against a family or household member, may qualify as an MCDV, depending upon the circumstances. A family or household member, for purposes of Virginia Code § 18.2-57.2, is defined as

> (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren, regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, (v) any individual who has a child in common with the person, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within in the previous 12 months, cohabited with the person, and any children of either of them then residing in the same home with the person.

VA. CODE § 16.1-228. This definition is broader and includes more familial relationships than those listed in 18 U.S.C. § 921(a)(33)(A). It is possible, then, for an individual to be convicted of assault and battery against a family or household member under Virginia Code § 18.2-57.2 and that offense not qualify as an MCDV. For example, an assault and battery committed by a brother would violate Virginia Code § 18.2-57.2 but would not serve as an MCDV as defined 18 U.S.C. § 921(a)(33)(A) because a brother does not satisfy one of the domestic relationships specified in the federal statute. To determine, therefore, whether a conviction under Virginia Code § 18.2-57.2 is considered an MCDV, this court must examine the underlying state court record to see if the requisite domestic relationship element is satisfied.

The warrant and conviction charge and the order amending the warrant are the only documents that make up the underlying state court record, and therefore, the only documents this court can rely upon. The warrant and conviction charge establish that Williams was convicted under Virginia Code § 18.2-57.2, but Judge Willis struck through the language explaining the domestic relationship between Williams and the victim. That language, "[t]he victim and accused have cohabited within the previous twelve months," established the requisite domestic

relationship to make the offense an MCDV. By eliminating that language, the warrant only indicates that Williams committed assault and battery against a family or household member. The failure to specify the domestic relationship in the state court record means the underlying state offense cannot qualify as an MCDV. See Taylor, 495 U.S. at 602 (vacating and remanding the case because the Court could not determine from the state court record which subsection of the burglary statute the defendant pled guilty to); Trimble, 415 F.Supp.2d at 1016-17 ("If the government can only prove that the defendant entered a plea of guilty to conduct that does not fall within section 921(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution."); Rice, 2007 U.S.Dist. LEXIS 3350, at *5.

Williams's indictment, therefore, must be dismissed since his underlying conviction does not satisfy the statutory requirements of 18 U.S.C. §§ 921 and 922.

### III. Conclusion

This opinion further explains the Order, issued on December 5, 2007, DISMISSING the defendant's indictment.

The Clerk is DIRECTED to send a copy of this Opinion to the defendant's counsel and to the United States Attorney's Office.

/S/ 
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

December 13, 2007
Norfolk, Virginia

8